IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| RONALD BELL, | : | |
|---|---|---|
| Plaintiff, | : | |
| vs. | : | Civil Action No. 5:04-cv-390 (HL) |
| HOUSTON COUNTY, GEORGIA, CULLEN TALTON, and WINFRED WILLIAMS, | : | |
| Defendants. | : | |

**O R D E R**

Before the Court are cross Motions for Attorney's Fees (Docs. 28, 38). For the reasons set forth below, Defendants' Motion (Doc. 28) is granted in part and denied in part and Plaintiff's Motion (Doc. 38) is denied.

I. BACKGROUND

The facts in this case were previously set forth in great detail in the Court's Order (Doc. 26) granting summary judgment to Defendants Houston County, Cullen Talton and Winfred Williams (collectively "Defendants") and will not be fully recounted here. However, a brief recitation of certain relevant events is in order. Both motions for fees arise from a suit Plaintiff Ronald Bell ("Bell") filed in state court and which Defendants removed to this Court. Bell's lawsuit alleged various federal and state constitutional violations, as well as numerous state-law claims. The Court subsequently granted

1

Defendants' Motion for Summary Judgment with respect to the federal claims, and remanded to the state claims to the Superior Court of Houston County. Thereafter, counsel for both parties moved the Court for attorney's fees.[1]

## II. DISCUSSION

### A. Defendants' Motion for Attorney's Fees

#### 1. Standard

42 U.S.C. § 1988 permits a district court to award attorney's fees to the prevailing party in certain designated civil rights cases, including those brought under 42 U.S.C. § 1983. Section 1988 provides, in part, as follows: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C.A. § 1988(b) (2003). The standards which govern an award of attorney's fees in § 1983 cases are the same as those which govern awards of attorney's fees in Title VII cases, as established by the Supreme Court of the United States in <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412 (1978).

Under the <u>Christiansburg Garment</u> standard, the term "prevailing party" authorizes

---

[1] Bell's counsel's filing a motion for attorney's fees was somewhat like taking an olive branch extended by her adversaries and smiting them with it. This is because Bell's counsel failed to file a timely response to Defendants' Motion for Fees, or a timely Motion for Fees of her own, and then begged the Court for an extension of time. Judge Duross Fitzpatrick, who was presiding over this case at the time, indicated he was disinclined to grant such an extension, and asked Defendants for their position on the matter. Graciously, Defendants said they would not oppose an extension, and so Judge Fitzpatrick granted one. Bell's counsel promptly whacked Defendants with a combined Response/Motion for Attorney's Fees.

2

an award of attorney's fees to either successful plaintiffs or successful defendants. With respect to an award of attorney's fees to a prevailing party, the Supreme Court has directed that "a prevailing *plaintiff* ordinarily is to be awarded attorney's fees in all but special circumstances." Id. at 417. However, a different standard applies to an award of attorney's fees to a prevailing *defendant*: "In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421.

The United States Court of Appeals for the Eleventh Circuit, examining a prevailing defendant's entitlement to fees, noted: "Factors considered important in determining whether a claim is frivolous . . . include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985). However, the Eleventh Circuit made it clear that these three elements should be used as general guidelines in determining frivolity, not as hard and fast rules. "Determinations regarding frivolity are to be made on a case-by-case basis." Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting Sullivan, 773 F.2d at 1189).

The Eleventh Circuit also has cautioned that the standard for awarding attorney's fees to a prevailing defendant is a "'stringent' one." Walker v. Nationsbank of Florida., 53 F.3d 1548, 1558 (11th Cir. 1995) (quoting Hughes v. Rowe, 449 U.S. 5, 14 (1980)).

3

Indeed, "the district court should resist the temptation to conclude that because a plaintiff did not ultimately prevail, the action must have been unreasonable or without foundation." Id. at 1558. Accordingly, the appellate court has directed district courts considering such issues to "focus on the question of whether the case is seriously lacking in arguable merit." Id. Moreover, as the Supreme Court emphasized, "the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case." Christiansburg Garment, 434 U.S. at 421.

Should a court decide an attorney's fee award is appropriate,[2] "[t]he starting point in fashioning an award . . . is to multiply the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. Gaines v. Dougherty County Bd. of Educ., 775 F.2d 1565, 1571 (11th Cir. 1985); see also Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) (listing factors that are useful in establishing a reasonable hourly rate), overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989).

Once a reasonable attorney's fee is calculated, there is one final consideration a

---

[2] The Court notes that "the perception that counsel was primarily at fault in filing or maintaining a frivolous, groundless, or unreasonable claim should play no role in the decision whether to assess attorney's fees against the plaintiff." Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 916 (11th Cir. 1982).

4

court must weigh before that amount can be assessed. In the Eleventh Circuit, ability to pay is a factor to be considered by a court in setting the amount of an award of attorney's fees. See Baker v. Alderman, 158 F.3d 516, 528 (11th Cir. 1998) (noting that the "law in this circuit is clear that ability to pay should be considered in the award of attorney's fees under § 1988"). Although a district court may reduce the award of attorney's fees because of the inability to pay, "in no case may the district court refuse altogether to award attorney's fees to a prevailing . . . defendant because of the plaintiff's financial condition." Durrett v. Jenkins Brickyard, 678 F.2d 911, 917 (11th Cir. 1982) (finding "[a] fee must be assessed which will serve the deterrent purpose of the statute, and no fee will provide no deterrence").

In addition to an award of attorney's fees, "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988." Dowdell v. City of Apopka, Florida, 698 F.2d 1181, 1192 (11th Cir. 1983). Furthermore, "[a]s is true in other applications of section 1988, the standard of reasonableness is to be given a liberal interpretation." Id. However, the Court will not doubly reimburse a prevailing party for an amount already claimed as an allowed cost pursuant to 28 U.S.C. § 1920.

### 2. Application

Having successfully defeated Bell's claims on the merits, Defendants are a "prevailing party" for purposes of 42 U.S.C. § 1988(b) and are entitled to seek attorney's

5

fees under that provision. Indeed, Defendants contend they are entitled to attorney's fees and maintain that the <u>Sullivan</u> factors have been satisfied. With respect to the first <u>Sullivan</u> prong, Defendants point to this Court's Order granting summary judgment, which disposed of all of Plaintiff's federal claims, and argue that Bell failed to establish a prima facie case. With respect to the second prong, Defendants admit that they offered to settle the suit, but seek to downplay that decision by noting the offer was for a nominal amount—$5100—and explaining it was made only after considering the potential costs of the litigation. With respect to the third prong, Defendants cite the Court's grant of summary judgment as proof that the matter was disposed of prior to trial.

After reviewing Bell's muddled Response, the Court was able to glean four main reasons he believes an attorney's fee award would be inappropriate.[3] First, Bell believes that his federal claims were not frivolous. Second, Bell argues that because his case was not dismissed until the summary judgment stage, this means Defendants implied Bell's case was not frivolous. Third, Bell argues the litigation in this case was not prolonged or unnecessarily multiplied. Fourth, Bell contends neither he nor his attorney has a history of filing frivolous claims in this Court.

Upon reviewing the facts and issues presented by this case in light of the principles espoused in <u>Christiansburg Garment</u> and <u>Sullivan</u>, the Court finds that Bell's federal claims against Defendants were so seriously lacking in arguable merit as to warrant an

---

[3] Noticeably absent from Bell's response is any mention of <u>Sullivan</u> or its three factors.

award of attorney's fees. Bell failed to establish a prima facie case, Defendants' offer to settle was for a nominal amount, and the Court dismissed the case prior to trial. More specifically, although Bell's complaint alleged violations of the Fourth, Fifth and Sixth Amendments, as well as the Equal Protection Clause of the Fourteenth Amendment (Compl. ¶ 39), Bell's allegations did not, in fact, state a claim for relief under any of these provisions. Despite their presence in Bell's Complaint, none of these four amendments had any application to his case, and Bell's attempt to invoke their protections clearly lacked a legal foundation. (Doc. 26 at 9-10.) Bell's Fourteenth Amendment Due Process Claim was the sole federal claim the Court found remotely applicable to Bell's lawsuit, and the Court found even that claim to be frivolous.[4] Bell's argument that his claim was not frivolous is rejected as false.

The Court also rejects Bell's other arguments for why he believes an attorney's fee award would be inappropriate. The Eleventh Circuit has specifically recognized that "[c]ases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor *on a motion for summary judgment* or a Fed. R. Civ. P. 41(b) motion for involuntary dismissal." Sullivan, 773 F.2d at 1189 (emphasis added). Thus, Bell's contention that because his case was not dismissed until the summary judgment

---

[4] The Court analyzed Bell's Fourteenth Amendment Due Process claim in three parts: as it was asserted against Defendants Williams and Talton in the individual capacities, as it was asserted against Williams and Talton in their official capacities, and as it was asserted against Defendant Houston County. (Doc. 26 at 13.) The Court found Bell's claim fell well short of demonstrating a constitutional violation against any of these Defendants in the various, aforementioned capacities.

7

stage means Defendants implied his case was not frivolous is misguided and incorrect. Bell's argument that the litigation in this case was not prolonged or unnecessarily multiplied is irrelevant to the question of whether the action was frivolous. While Bell might not have engaged in any dilatory tactics during the pendency of his litigation, the point is that he should not have filed or pursued his frivolous federal claims at all. The Court's assessment of attorney's fees is designed to serve as a deterrent against a similar future mistake. Likewise, Bell's contention that neither he nor his attorney has a history of filing frivolous claims in this Court is also irrelevant. A frivolity review must be made on a case-by-case basis, not in the context of historical filing abuses or lack thereof. It is the frivolity of this particular case that gives rise to the award of attorney's fees.

Having determined that an attorney's fee award is appropriate, the Court must now analyze Defendants' request. Initially, the Court finds defense counsels' hourly rates are reasonable. When his matter commenced, Terry Williams, who acted as lead counsel, had practiced law for more than 17 years, and his rate was $135.[5] Jason Waymire, Defendants' associate counsel, had practiced law for almost four years when this matter commenced, and his rate was $115.[6] Next, the Court finds the number of hours expended

---

[5] Defendants indicated that Terry Williams's standard hourly rate was $135 per hour from October 26, 2004 through June, 2005, and afterwards it increased to $145. (Jason Waymire Aff. ¶ 4.)

[6] Similarly, Jason Waymire's billing rate increased by $10 an hour in the midst of the litigation. (Jason Waymire Aff. ¶ 5.) Although Waymire's affidavit states the increase occurred in June 2001, the Court finds this to be a scrivener's error and will assume Waymire meant to state June 2005. Waymire's detailed billing log reflects this as well.

by both counsel—2.4 hours for Williams and 153.4 hours[7] for Waymire—was also reasonable. The litigation in this case lasted nearly two years and culminated in the filing of an extensive Motion for Summary Judgment. Thus, after multiplying the reasonable billing rates by the number of hours reasonably expended, the result is $326 in fees for Williams[8] and $16,949 in fees for Waymire.[9] Defendants' total attorney's fees equal $17,275.

As for expenses, Waymire's affidavit lists $1,156.63 in total costs. (Waymire Aff. 13.) Defendants were unclear, however, whether they wished to be reimbursed for this entire amount, or only for a portion of it. Regardless, there are a number of costs included in the $1,156.63 amount which Defendants already listed in their Bill of Costs (Doc. 30), and for which they shall not receive double reimbursement.[10] After subtracting those fees, $693.08 in valid expenses remain.

At this point, the Court should consider ability to pay and determine the final

---

[7] According to Waymire's affidavit, he spent a total of 153.4 hours on the case, after the Court subtracts 1.5 hours that handwritten notes on the billing log note were overbilled on November 26, 2004, and April 8, 2005, respectively.

[8] According to the billing log, Williams worked for 2.2 hours at his $135 per-hour rate and .2 hours at his $145 per-hour rate.

[9] Waymire estimated he spent ten hours working on state law issues, but he did not specify whether those hours were billed at an hourly rate of $115 or $125. Because Waymire billed approximately two-thirds of his total hours (104.3 hours) before his billing rate increased, and one-third (49.1 hours) after his rate increased, the Court split the ten hours spent on state law claims into 6.7 hours to be subtracted from his $115 rate portion and 3.3 hours to be taken from his $125 portion. Thus, the Court concludes Waymire worked for a total of 97.6 hours at his $115 per hour rate and 45.8 hours at his $125 per hour rate.

[10] These costs include the removal fee as well as photocopies and witness/mileage fees.

amount of attorney's fees and expenses to award in light of the $17,968.08 total calculated thus far. Bell's counsel has informed the Court at least twice that her client is indigent. (Doc. 33 at 1; Doc. 37 at 3 n.2.) However, these bare, unsupported claims are insufficient to prove the truth of the matter asserted. The Court orders Bell to submit a completed In Forma Pauperis form detailing his assets and liabilities, so that the Court might determine his ability to pay and assess attorney's fees accordingly. This form must be submitted no later than April 23, 2007, and Bell is hereby warned that if he fails to submit it, he may be held liable for the entire amount. Bell is further cautioned that while the Court may reduce the award of attorney's fees because of his inability to pay, it may not eliminate the award altogether.

> B. **Defendants' Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 37(c)(2)**
>
> > 1. **Standard**

A court is empowered to sanction an attorney under 28 U.S.C. § 1927, which states:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (2006).

Contrasting a Rule 11 sanction with one levied pursuant to § 1927, the Eleventh Circuit explained,

As the express language of section 1927 indicates, this sanctioning mechanism is aimed at the unreasonable and vexatious multiplication of proceedings. Unlike Rule 11, which is aimed primarily at pleadings, under section 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation. Also unlike Rule 11, awards pursuant to § 1927 may be imposed only against the offending attorney; clients may not be saddled with such awards.

Bryne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001).

Furthermore, the Federal Rules of Civil Procedure allow the recovery of reasonable expenses for a party's failure to make disclosures or cooperate in discovery. Specifically, Rule 37(c)(2) provides:

If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

### 2. Application

Although Defendants are correct that the Court has the power to sanction Plaintiff's counsel pursuant to § 1927, the Court disagrees with Defendants about the propriety of doing so in this case.[11] Despite the obvious flaws in Plaintiff's counsel's

---

[11] The Court reaches this conclusion despite Bell's failure to challenge Defendants' assertion that § 1927 sanctions are warranted.

decision to plead the federal claims in this suit,[12] the Court does not find counsel engaged in dilatory tactics while pursuing her client's meritless claims. Defendants only provide one example of the conduct they believe warrants a § 1927 sanction: Bell's purportedly unwarranted denials of Defendant Williams' First Requests for Admissions, which Defendants contend "unnecessarily expanded the cost and scope of the proceedings." (Doc. 28 at 4.) This sole instance fails to rise to the level of "unreasonable and vexatious multiplication of proceedings." Accordingly, Defendants' Motion for Sanctions pursuant to § 1927 is denied.

Defendants point to the same above conduct to support for their request for "at least an additional $300 in attorney's fees and expenses" pursuant to Rule 37(c)(2). Upon closer examination, Bell's "denials" consisted of his refusal to admit that he was on probation from October 20, 2002 through November 5, 2002, and supervised by Mid-State Probation, as well as Bell's refusal to indicate whether a proffered exhibit accurately reflected his conditions of probation. Examining the instances under which the Court

---

[12] Although not sought by Defendants, the Court gave some thought to whether a sua sponte Rule 11 sanction was appropriate in this case. In considering the propriety of a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, a court must conduct a two-step inquiry. First, a court must determine whether the party's claims are objectively frivolous. See Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). Second, the court must determine whether the person who signed the pleadings should have been aware that they were frivolous. Id. However, sanctions are not warranted if a claim was brought as a result of "poor judgment." See Davis v. Carl, 906 F.2d 533, 537 (11th Cir. 1990). While Plaintiff's counsel should be warned that the decision was a close one, the Court declines to assess Rule 11 sanctions against her.

should not order such expenses,[13] the Court finds no indication that the request was held objectionable pursuant to Rule 36(a). The Court also finds no indication that the admission sought was of no substantial importance, as Bell's status as a probationer was relevant to the validity of his underlying arrest in this case. Additionally, the Court certainly finds no indication that Bell had reasonable ground to believe that he might prevail on the matter—the fact and terms of his probation should have been uncontroverted. Finally, the Court can neither find nor imagine any other good reason for Bell's failure to admit these facts.

In light of Rule 37(c)(2)'s direction that the Court *shall* order the party who failed to admit to pay the reasonable expenses incurred in making that proof, the Court determines Bell must pay Defendants their reasonable expenses. However, the Court is unclear as to the proper amount to order Bell to pay Defendants for two reasons. First, Defendants indicate that they seek to be reimbursed for expenses that include "the witness fee, court reporter and deposition transcript." (Waymire Aff. ¶ 10.) Some, if not all, of those expenses were included in Defendants' Bill of Costs, and Defendants will not be doubly reimbursed. Second, while Defendants indicate a portion of the $300 constitutes attorney's fees, it is unclear whether those attorneys fees may also be accounted for in the Court's prior assessment of attorney's fees. Accordingly, Defendants are ordered to submit a brief notice to the Court detailing a breakdown of their $300 request for fees and

---

[13] Bell's failure to file any response to this portion of Defendants' Motion certainly did not help his case—or the Court—during the examination of this issue.

expenses and explaining whether they overlap with any funds previously reimbursed or attorney's fees awarded. This notice must be submitted no later than April 23, 2007.

### C.  Plaintiff's Motion for Attorney's Fees

#### 1.  Standard

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Thus, while a limited class of state-court defendants possess a right to a federal forum, plaintiffs possess the means to curb that right if it is used to unnecessarily prolong the litigation of a case. The Supreme Court recently addressed the legal standard to be applied when courts are considering an award of attorney's fees based on removal. The Court held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 708 (2005).

#### 2.  Application

Plaintiff's Motion (Doc. 37) requests an award of attorney's fees based on this lawsuit's removal from state court and recognizes Martin as the key case in the relevant inquiry. Despite citing[14] Martin, Plaintiff's counsel appears not to have read it. Not only did Plaintiff's counsel fail to even attempt to show any unusual circumstances in this case that might justify an award of attorney's fees, but she also ignored Defendants'

---

[14] The Court uses the term "cite" loosely. Plaintiff's counsel's "citation" of Martin was in an improper format, as were many of her other citations in her various briefs.

objectively reasonable basis for removal—her own client's assertion of multiple federal claims in his Complaint.

Bell asserted federal claims in his lawsuit, and Defendants sought removal to federal court based on that objectively reasonable basis. Bell's federal claims were subsequently dismissed by summary judgment. Rather than exercise supplemental jurisdiction over Bell's state claims, the Court chose to remand the case. These particular circumstances are not so unusual to warrant an award of fees or costs. Bell's Motion for Attorney's Fees is hereby denied.[15]

## III.   CONCLUSION

Defendants' Motion for Attorney's Fees (Doc. 28) is granted in part and denied in part. Plaintiff's Motion for Attorney's Fees (Doc. 38) is denied. Bell is ordered to submit a completed In Forma Pauperis form detailing his assets and liabilities, so that the Court might determine his ability to pay and assess attorney's fees accordingly. Defendants are ordered to submit a notice detailing a breakdown of their $300 request for fees and expenses and explaining whether they overlap with any funds previously reimbursed or attorney's fees awarded. Both filings must be submitted no later than April 23, 2007.

**SO ORDERED**, this the 30th day of March, 2007.

<u>s/   *Hugh Lawson*</u>

---

[15] In addition to refuting the substance of Bell's Motion, Defendants also challenged its timeliness and its lack of a signature. Given the Motion's utter lack of merit, the Court need not address Defendants' timeliness or nullity for lack of signature arguments.

**HUGH LAWSON, JUDGE**

pdl