# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| RONALD BELL, | : | |
| Plaintiff, | : | |
| v. | : | 5:04-cv-390 (HL) |
| HOUSTON COUNTY, GEORGIA; CULLEN TALTON, Sheriff of Houston County, in his individual and official capacities; and WINFRED WILLIAMS, Deputy Sheriff of Houston County, in his individual and official capacities, | : | |
| Defendants. | : | |

## O R D E R

Currently pending before the Court is Plaintiff's Special Motion for Reconsideration of the Court's Order Entered on March 30, 2007 and Motion to Vacate the Court's Order Granting Summary Judgment to Defendants on Grounds not Pursued by Defendants and Abandoned by Plaintiff (doc. 45). The special motion, Plaintiff's most recent filing, is a last ditch effort to avoid being assessed attorney's fees. For the reasons set forth below, it is denied.

## I. BACKGROUND

A thorough recitation of the substantive facts was set forth in the Court's June 27, 2006 Order granting summary judgment (doc. 26), and will not be fully recounted here. However, a brief recitation is in order. The above-captioned case arose from the alleged violations of Plaintiff Ronald Bell's civil rights by law enforcement officers in Houston County. Plaintiff was arrested for his involvement in a domestic dispute and charged with simple assault. Plaintiff contended that Defendant Winfred Williams, Deputy Sheriff of Houston County, included erroneous information

about Plaintiff's criminal history in his booking records for the arrest, and that Defendant Williams incorrectly placed a probation hold on him without authorization. The effect of the incorrect criminal history and resulting probation hold was that Plaintiff was unable to post bond and therefore his incarceration was prolonged. Plaintiff filed suit alleging violations of his rights under the Fourth, Fifth, and Sixth Amendments, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment, as well as various state law claims.

Defendants moved for summary judgment, and Judge Duross Fitzpatrick granted the motion as to Plaintiff's federal claims and remand his remaining state law claims to the Superior Court of Houston County. After prevailing on their dispositive motion, Defendants sought an award of attorney's fees as provided by statute. In response, Plaintiff made his own motion seeking attorney's fees. In an Order dated March 30, 2007 (doc. 43), this Court denied Plaintiff's motion and granted Defendants' motion in part. Specifically, the Court determined that awarding Defendants attorney's fees was an appropriate measure, but it did not possess enough information to determine the actual amount. In order to determine a fair award of attorney's fees to assess Plaintiff, the Court ordered Plaintiff to submit an *in forma pauperis* affidavit that detailed his assets and liabilities. Additionally, Defendants were ordered to submit a more detailed itemization of the costs they sought so as to prevent a windfall. While both parties submitted the additional materials, Plaintiff seeks to avoid the award of attorney's fees altogether by asking this Court to amend several of its earlier rulings.

## II. DISCUSSION

Before addressing the issue of attorney's fees, the Court will dispose of the motions to amend its earlier judgments. Plaintiff is dissatisfied with both the Court's order to grant the award of attorney's fees as well as the Court's order to grant summary judgment to Defendants. Specifically,

Plaintiff moves this Court to reconsider its March 20, 2007 ruling, awarding attorney's fees to Defendants pending further findings, and Plaintiff moves this Court to vacate its June 27, 2006 order dismissing his claims on motion for summary judgment.

### A. Motion for Reconsideration

Plaintiff contends that "[t]he grant of attorney's fees in cases such as this would discourage the filing of civil actions such as this brought in goodfaith[.][sic]" (Pl's. Mot. for Reconsideration, doc. 45, at 1.) Additionally, Plaintiff argues that the Court's order granting an award of attorney's fees should be amended because the underlying order granting summary judgment was somehow improper: "Thus, Plaintiff respectfully requests that the Court takes into consideration this position, that is, the Court's previous order granting summary judgment on grounds not pursued by Defendants, in reconsidering its position to grant attorney's fees to the Defendants." (Pl's. Mot. for Reconsideration, doc. 45, at 2.)

A motion for reconsideration is not a form of relief explicitly conferred by the Federal Rules of Civil Procedure. Although not specifically mentioned in the rules, motions seeking to have the court "reconsider" an earlier ruling are usually governed by Rule 59. Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment after its entry. See Fed. R. Civ. P. 59(e). Reconsideration is only proper if the movant has demonstrated that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Reconsideration of a prior order is an extraordinary remedy, and should be employed sparingly. See, e.g., Am. Ass'n of People with Disabilities v.

3

Hood, 278 F. Supp. 2d. 1337, 1339-40 (M.D. Fla. 2003). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000)(citation omitted). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Hood, 278 F. Supp. 2d at 1340 (quotation and citation omitted). According to the explicit language of the Rule itself, a motion brought pursuant to Rule 59(e) must be filed no later than ten days[1] after entry of the judgment. Fed. R. Civ. P. 59(e).

Here, Plaintiff makes no reference to Rule 59, nor any explicit reference to the factors that this Court will consider when addressing a motion to reconsider. The Court can find no mention of a clear error of law or a manifest injustice, a change in law, or the discovery of new evidence. However, the Court need not proceed with the reconsideration analysis because Plaintiff's motion was not filed until April 19, 2007, more than ten days after the entry of the order he seeks to have reconsidered. To the extent that Plaintiff desires to amend the ruling pursuant to Rule 59, his motion

---

[1] The ten day limit comports with the local rules of this district which, unlike the Federal Rules, do reference motions for reconsideration by name. The local rule states:
> Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within ten (10) days after entry of the order or judgment. Responses shall be filed not later than ten (10) days after service of the motion. All briefs are limited to five (5) pages. There shall be no reply brief. Any requests for extensions of time for the filing of briefs with respect to a motion for reconsideration must be directed to the judge. The Clerk's Office is not authorized to grant any such extensions. Parties and attorneys for the parties shall not file motions to reconsider the court's denial or grant of a prior motion for reconsideration.

M.D. Ga. R. 7.6.

to reconsider is not properly before the Court, and is therefore denied.

To be sure, reconsideration motions can also be governed by Rule 60, the rule governing relief from judgments and orders. See Fed. R. Civ. P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . ."). The determining factor in which rule will govern is the timing of the filing of the motion (the Court is forced to make this determination for Plaintiff because he has neglected to invoke any authority under which the order should be reconsidered). Since these motions are not mentioned by name in the Federal Rules, courts have treated such motions to reconsider as being governed by Rule 59(e) if they are filed within ten days, and governed by Rule 60(b) if filed later. See, e.g., Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Here, Plaintiff's reconsideration motion is filed later than ten days following the entry of the March 30, 2007 order. Thus, the Court will address the motion under the Rule 60 framework to determine whether alteration or amendment of its March 30, 2007 ruling is appropriate.[2]

Rule 60 will govern a motion seeking a reconsideration if it is filed more than ten days after the judgment it seeks to amend. Specifically, the rule provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

---

[2] A claim made under Rule 60(b)(6) must be filed "within a reasonable time." Id. Therefore, unlike Plaintiff's attempts to argue for reconsideration pursuant to Rule 59(e), his efforts under Rule 60(b)(6) are properly before the Court. However, motions filed pursuant to Rule 60(b) are directed to the sound discretion of the district court. See, e.g., United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1318 (11th Cir. 1997).

Fed. R. Civ. P. 60(b). "A final judgment under Rule 60(b) is any judgment that is an appealable order." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1131 (11th Cir. 1986). There is no question that the order of March 30, 2007 granting in part and denying in part Defendants request for attorney's fees is not a final judgment as contemplated by Rule 60. Plaintiff attempted to appeal the March 30, 2007 ruling and his appeal was dismissed for lack of jurisdiction on the grounds that the order was not final. (Op., doc. 52, at 1.) As Plaintiff's Motion for Reconsideration is untimely as filed, it is DENIED.

**B.     Motion to Vacate**

Plaintiff also moves this Court to vacate its grant of summary judgment entered on June 27, 2006. In that Order, the Court dismissed all of Plaintiff's federal claims against the law enforcement officers and the County. Plaintiff's motion to vacate consists of one sentence: "Plaintiff, Ronald Bell, moves the Court to vacate its summary judgment order entered in this case where the Court grants summary judgment on grounds not pursued by Defendants in this case and on the grounds abandoned by Plaintiff in the Course [sic] of this litigation." (Pl's. Mot. for Reconsideration, doc. 45, at 3.) And although it was offered in support of his above-mentioned reconsideration motion, the Court will also analyze Plaintiff's alternate contention that the summary judgment order should be vacated: "Defendants did not pursue summary judgment on the grounds addressed in the first half of the Court's order granting summary judgment in favor of the Defendants." (Pl's. Mot. for Reconsideration, doc. 45, at 3.)

Again Plaintiff does not provide any authority under which his motion operates. As more than ten days have elapsed since the summary judgment order was entered, the Court will address Plaintiff's motion under Rule 60. With little help from Plaintiff, the Court can fathom subparagraph

six as being the only provision under which Plaintiff's motion can proceed. The Court is confident in its assumption considering Plaintiff makes no mention of any of the first five provisions of the rule that warrant review of the earlier ruling; subparagraph six acts as a catch-all provision encompassing any reason other than those articulated. "Under Rule 60(b)(6), a court may grant relief for any other reason justifying relief from the operation of judgment. Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001). Indeed, in order to prevail under Rule 60(b)(6), a petitioner "must do more than show that a grant of [his] motion might have been warranted . . . . [he] must demonstrate a justification for relief so compelling that the district court [i]s required to grant [his] motion." Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996) (citation omitted). Finally, relief under Rule 60(b)(6) applies only to "cases that do not fall into any of the other categories listed in parts (1)-(5)." United States v. Real Property and Residence Located at Route 1, Box 111, Firetower Road, Semmes, Mobile County, Ala., 920 F.2d 788, 791 (11th Cir. 1991).

Plaintiff's justification for relief is far from compelling. He argues that the Court granted summary judgment on grounds not pursued by Defendants, but never articulates what he believes those grounds to be. Plaintiff also argues that the grounds addressed in the first half of the Court's summary judgment order were vacated by Plaintiff early in the litigation. Plaintiff provides no detail whatsoever in support of his motion. The Court, with nothing more than Plaintiff's conclusory statements, can see no reason why it should feel compelled to reconsider its earlier ruling. Accordingly, Plaintiff's Motion to Vacate this Court's previous grant of summary judgment in favor of Defendants is DENIED.

C.     **Attorney's fees**

Having denied Plaintiff's post-judgment motions, the Court now turns to the issue of an award of attorney's fees. As the Court has already determined that an attorney's fee award is appropriate in its March 30, 2007 order, all that is left for the Court is to determine an amount. Both parties have complied with the directions of the March 30, 2007 order and filed additional documents so that the Court could determine Plaintiff's ability to pay and assess a reasonable and fair fee accordingly. Defendants submitted an explanation of $300 for what they consider unnecessary costs to conduct a deposition to uncover facts that should have been admitted by Plaintiff. Plaintiff has filed an affidavit demonstrating his *in forma pauperis* status.

Defendants submitted an explanation of the $300 in costs they requested pursuant to Federal Rule of Civil Procedure 37(c)(2).[3] Defendants admit that the $300 is totally subsumed by the amount requested in their attorney's fee motion. The Court appreciates that awarding this amount is mandatory after the proper showing has been made, rather than discretionary. On the other hand, Plaintiff's affidavit is so bare-boned, it truly reveals nothing. When asked for employment history, he replied, "Not applicable," although, when deposed, he claimed to have two jobs at the time of his

---

[3] Rule 37(c)(2) states:
If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.
Fed. R. Civ. P. 37(c)(2).

8

arrest. Based on the submitted affidavit, it would appear that Plaintiff does not, nor did he ever, have a job or any assets–we know this not to be true. The lack of effort and willingness to be forthcoming in the affidavit is truly disturbing, and the Court's concerns regarding Plaintiff's ability to pay are not completely alleviated. Nevertheless, the Court deems an award of $5,000.00 is appropriate under the circumstances. The Court has already determined in the previous order that the amount of $17,968.08 was reasonably computed, and although Plaintiff's affidavit makes no legitimate attempt to detail his assets and liabilities, the Court feels as though the amount awarded is reasonable in light of Plaintiff's perceived ability to pay.

### III. CONCLUSION

Plaintiff's Special Motion for Reconsideration of the Court's Order Entered on March 30, 2007 and Motion to Vacate the Court's Order Granting Summary Judgment to Defendants on Grounds not Pursued by Defendants and Abandoned by Plaintiff is DENIED. Attorney's fees are assessed against Plaintiff in the amount of $5,000.00.

SO ORDERED, this 19th day of November, 2007.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT