# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| RONALD BELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 5:04-cv-390 (HL) |
| | : | |
| HOUSTON COUNTY, GEORGIA; | : | |
| CULLEN TALTON, Sheriff of | : | |
| Houston County, in his individual | : | |
| and official capacities; and | : | |
| WINFRED WILLIAMS, Deputy | : | |
| Sheriff of Houston County, in his | : | |
| individual and official capacities, | : | |
| | : | |
| Defendants. | : | |

_____

## **O R D E R**

Currently pending before the Court is Plaintiff's Motion for Permission to Proceed In Forma Pauperis and Affidavit (doc. 59). Although not styled as such, Plaintiff's motion is a request to proceed in forma pauperis on appeal. Having read and considered Plaintiff's motion and Defendants' response, the Court presents its findings below.

## I.  BACKGROUND

A thorough recitation of the substantive facts was set forth in the Court's June 27, 2006 Order granting summary judgment (doc. 26), and will not be fully recounted here. However, a brief recitation of the facts and the procedural history is in order. The above-captioned case arose from the alleged violations of Plaintiff Ronald Bell's civil rights by law enforcement officers in Houston County. Plaintiff was arrested for his involvement in a domestic dispute and charged with simple assault. Plaintiff contended that Defendant Winfred Williams, Deputy Sheriff of Houston County,

included erroneous information about Plaintiff's criminal history in his booking records for the arrest, and that Defendant Williams incorrectly placed a probation hold on him without authorization. The effect of the incorrect criminal history and resulting probation hold was that Plaintiff was unable to post bond and therefore his incarceration was prolonged. Plaintiff filed suit alleging violations of his rights under the Fourth, Fifth, and Sixth Amendments, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment, as well as various state law claims.

Defendants moved for summary judgment, and Judge Duross Fitzpatrick granted the motion as to Plaintiff's federal claims and remanded his remaining state law claims to the Superior Court of Houston County. After prevailing on their dispositive motion, Defendants sought an award of attorney's fees as provided by statute. In response, Plaintiff made his own motion seeking attorney's fees. In an Order dated March 30, 2007 (doc. 43), this Court denied Plaintiff's motion and granted Defendants' motion in part. Specifically, the Court determined that awarding Defendants attorney's fees was an appropriate measure, but it did not possess enough information to determine the actual amount. In order to determine a fair award of attorney's fees to assess Plaintiff, the Court ordered Plaintiff to submit an in forma pauperis affidavit that detailed his assets and liabilities. Additionally, Defendants were ordered to submit a more detailed itemization of the costs they sought so as to prevent a windfall. While both parties submitted the additional materials, Plaintiff also sought to avoid the award of attorney's fees altogether by asking the Court to amend several of its earlier rulings.

On November 19, 2007, the Court issued an Order (doc. 53) denying Plaintiff's Special Motion for Reconsideration of the Court's Order Entered on March 30, 2007 and Motion to Vacate

the Court's Order Granting Summary Judgment to Defendants on Grounds not Pursued by Defendants and Abandoned by Plaintiff (doc. 45). Attorney's fees were assessed against Plaintiff in the amount of $5,000.00. In response, Plaintiff filed his Notice of Appeal on December 19, 2007, and on January 28, 2008, he filed the in forma pauperis motion currently pending before this Court.

**II.  DISCUSSION**

While not directly referenced in his motion, Plaintiff's application to proceed in forma pauperis is governed by Title 28, United States Code, Section 1915 and by Rule 24 of the Federal Rules of Appellate Procedure. Congress has conferred on this Court the power to "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[1] However, "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2)(A)-(B).

Here, Plaintiff is requesting permission to proceed in forma pauperis for purposes of appealing the Court's November 19, 2007 Order assessing attorney's fees and denying his motions

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

for reconsideration and to vacate. Congress promulgated provisions specific to motions to proceed in forma pauperis on appeal: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. § 1915(a)(3). An appeal is not taken in good faith as contemplated by § 1915 when an in forma pauperis applicant seeks the review of issues which can be deemed frivolous from an objective standpoint. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). Further, the Federal Rules of Appellate Procedure also govern motions to proceed in forma pauperis:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

In this case, Plaintiff has neglected to comply with the foregoing requirements set forth in Rule 24. As noted by Defendants in their response, Plaintiff has failed to meet the elements of subsections (B) and (C). Although this Court has the discretion to defer ruling on Plaintiff's motion to allow him an opportunity to comply with Rule 24, the undersigned declines to do so here. Instead, the Court, acting under the authority conferred by Congress, will rule on the motion as it has been presented. The lack of the requisite affidavit is not an obstacle in this case where the Court is confident that it can deduce Plaintiff's arguments based on his earlier court filings.

Plaintiff's motion to proceed in forma pauperis on appeal is not taken in good faith and must be denied. Plaintiff objects to this Court's denial of his motions to amend an earlier judgment and

4

the assessment of an award of attorney's fees in the amount of $5,000.00. The Court dismissed Plaintiff's case through a grant of summary judgment in favor of Defendants and later determined that attorney's fees were appropriate because Plaintiff's claims were frivolous. In the same Order, the Court dismissed Plaintiff's motions to amend the judgment. Having already determined that Plaintiff's claims were frivolous as contemplated by attorney's fee award jurisprudence, the Court concludes that any appeal of its November 19, 2007 Order would also be frivolous, and thus, not brought in good faith.

With respect to the amount of the award of attorney's fees,[2] that determination was based on the financial situation of the Plaintiff as reflected in an in forma pauperis affidavit. Now, Plaintiff submits a new affidavit to demonstrate his poverty in support of his request to appeal in forma pauperis. While the information provided in the two affidavits purport to cover similar time periods, Plaintiff's demonstrated financial situation differs between the affidavits. Specifically, Plaintiff reports income for the month of January 2007 in his affidavit attached to his request to proceed in forma pauperis on appeal, but reports having no income in the same month in an affidavit submitted to the Court on April 20, 2007 for purposes of determining an appropriate attorney's fee award. At the very least, this discrepancy calls into question the veracity of Plaintiff's allegation of poverty and serves as further support for the Court's determination that the appeal is not taken in good faith.

---

[2] The initial decision to award fees was made by this Court in a March 30, 2007 Order: "Upon reviewing the facts and issues presented by this case in light of the principles espoused in Christiansburg Garment and Sullivan, the Court finds that Bell's federal claims against Defendants were so seriously lacking in arguable merit as to warrant an award of attorney's fees." (Order, doc. 43, at 6-7.)

### III. CONCLUSION

This Court certifies that Plaintiff's appeal is not taken in good faith. Accordingly, Plaintiff's Motion for Permission to Proceed In Forma Pauperis and Affidavit (doc. 59) is DENIED. Plaintiff is advised to consult Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

SO ORDERED, this 22nd day of February, 2008.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT